## LUTHER ROCKWOOD *versus* BENJAMIN F. VARNUM

After the serv ce of a trustee process, the trustee is bound to retain the actual custody of the goods in his hands, against any one attempting to attach them specifically; and if such goods are afterwards specifically attached and taken from the custody of the trustee, the plaintiff in the trustee process may maintain an action against the officer thus attaching them, if he refuse to deliver them up, on the demand of the trustee, in order that they may be taken on such plaintiff's execution.

Where an officer, having several trustee writs to be served, delivered all the copies thereof to the trustee at the same time, it was *held*, that the attachments thus made were simultaneous, and that the plaintiffs in such processes were entitled respectively to recover an aliquot part of the proceeds of the goods so attached.

CASE against the sheriff of this county for the alleged wrongful act of Daniel J. Coburn, one of his deputies.

The declaration set forth, that the plaintiff, on February 8, 1834, sued out a writ against Benjamin Chenery and against Timothy Rockwood and Benjamin F. Batchelder, trustees of Chenery ; that T. Rockwood and Batchelder had in their possession certain articles of property with which they were chargeable as trustees of Chenery ; that on the same day, the writ was delivered to Eliphalet Wheeler, another deputy sheriff, for service ; that on February 10, 1834, after the plaintiff's writ had been served on the trustees, Coburn, by virtue of a writ in favor of Cushing Mitchell and Seth Bryant against Chenery, and T. Rockwood and Batchelder, as his trustees, attached such property, and took the same from the possession of the trustees ; that judgment was rendered in the plaintiff's action, that he should recover the sum of $114·89, and that T. Rockwood and Batchelder should be charged as trustees of Chenery ; that an execution was issued and put into the hands of a deputy sheriff, by virtue of which a demand of the property was made upon the trustees ; that the trustees demanded the property of Coburn, in order that they might deliver up the same to the officer who held such execution, in satisfaction thereof ; that these facts were duly made known to Coburn, yet he refused to deliver up the property ; that Chenery had no other property out of which the execution could be satisfied ; and that by reason thereof the plaintiff had lost his debt.

The defendant pleaded the general issue.

Rockwood
*v.*
Varnum.

The trial was before *Morton* J.   The return of Wheeler on the plaintiff's writ against Chenery, was dated February 10, 1834, and was as follows : " Immediately after 12 o'clock, and on the commencement of this day, by virtue of this writ and seven others against said Benjamin Chenery in favor of, &c., which came into my hands prior to this writ, and returnable to the same court, I gave a copy of this writ by me attested to the within-named Timothy Rockwood, and at two minutes after 12 o'clock, A. M., I gave a copy to the within named Benjamin F. Batchelder," &c.

The return of Coburn on the writ in favor of Mitchell and Bryant bore the same date and set forth, that " immediately on the commencement of this day, I attached," &c.

Wheeler, who was introduced as a witness by the plaintiff, testified, that he went to Holliston on Saturday, the 8th of February, 1834 ; that he had only three writs when he went there, but that he afterwards received eleven more ; that he was in Rockwood's house at 12 o'clock in the night of the 9th ; and that immediately after the clock struck twelve, he gave him a copy of each of the eleven writs at the same time ; that he then left Rockwood's house and went to Batchelder's, as soon as he could, and gave him also a copy of each of the writs, at the same time ; that he went immediately afterwards to Chenery's shop, where he saw Coburn ; that Coburn said, " I suppose this must be considered as a simultaneous attach. ment, but I give you notice, that I have attached the property in the barn ;" and that Coburn said nothing of having attached the property in the shop.

The plaintiff then called T. Rockwood, who testified, that the shop and property were delivered to Batchelder and himself on the 4th of February, in pursuance of an assignment by Chenery, they not being creditors ; that the witness took the key of the shop, and on the 5th of February gave it to one Burnap, who was at work for Chenery ; that it was agreed, that Burnap, and the other workmen, should continue to work in the shop ; that Burnap gave the key back to the witness on Sunday evening ; that about ten minutes past 12 o'clock on the morning of Monday, the 10th of February, Coburn commenced his attachment ; that he first attached the property in

the barn, and then the goods in the shop ; that the witness told him, that the property was assigned, and forbade his taking it ; and that Wheeler afterwards called upon him with the plaintiff's execution, and the witness gave him an order on Coburn for all the property taken by him.

The assignment, which was then produced by the witness, was dated February 4, 1834, and purported to be a conveyance by Chenery, of all his property, to Rockwood and Batchelder, in trust for his creditors ; but the creditors had all refused to become parties to it.

Coburn, who was called as a witness by the defendant, testified, that he went to Holliston with the writ of Mitchell and Bryant on the 9th of February ; that he arrived there at about half past 11 o'clock, and stayed in and about the house of Chenery ; that he went for the purpose and with the intention of serving the writ so soon as it should be 12 o'clock ; that his watch was three or four minutes faster than the clock in Chenery's house, and that he waited till that struck ; that he went into the barn, and attached the property therein, and thence went immediately to the shop, where he saw T. Rockwood, and asked him for the key ; that Rockwood said, that he would not let him have it unless Batchelder was willing, and that he would see him and inquire ; that the witness then went to the shop door, and did not leave it, except to get a stick of wood or an axe ; that upon the refusal of Rockwood and Batchelder, to let him have the key, he pressed open the door and went in and read the whole of the writ of Mitchell and Bryant, which contained several counts and was not plainly written ; that after this he took out his watch, according to which it was twenty minutes past 12 o'clock ; and that he sold the property attached, under an execution issued in favor of · Mitchell and Bryant.

The plaintiff claimed a verdict for such proportion of the value of the whole property, as his judgment bore to the amount of the judgments of those creditors whose attachments were made simultaneously with his own.

The jury were instructed that they should find for the plain- · tiff, if they believed that the copies of the original writs in the hands of Wheeler were not left with the supposed trustees

Rockwood
v.
Varnum.

before 12 o'clock, and yet were left before the attachment of the property in question by Coburn ; that if they found these two facts in favor of the plaintiff, they would return their verdict for the value of the whole property at the time it was taken, with interest ; and that the other questions, namely, whether under all the circumstances of the case, the goods were so situated as to be held by the trustee process against the attachment in favor of Mitchell and Bryant, and if so, whether such attachment was not to be considered as simultaneous with those of the plaintiff and the ten others above men tioned, whether in that event it would not, by operation of law, enable Mitchell and Bryant to retain the property, and whether it was competent for Wheeler to make eleven attach ments simultaneously, as he attempted to do, were questions of law, which would be reserved for the decision of the whole Court, the facts not being disputed.

The jury found a verdict for the plaintiff, and assessed the value of the property at $506·82.

The plaintiff was to become nonsuit, if the Court should be of opinion, that he could not maintain his action ; or a new trial was to be granted, if justice required it ; and if neither, the verdict was to be amended, and reduced to such sum as the Court should think, upon these facts, the plaintiff was entitled to recover.

Jan. 20tn,
1836.

H. H. Fuller and W. R. P. Washburn, for the defendant, to the point, that the attachment by Coburn was, at least, simultaneous with the plaintiff's attachment, cited Shove v. Dow, 13 Mass. R. 529 ; Perrin v. Leverett, 13 Mass. R. 128 ; Gordon v. Jenney, 16 Mass. R. 465 ; Naylor v. Dennie, 8 Pick. 198 ; Merrill v. Sawyer, 8 Pick. 397 ; and to the point, that if these attachments were simultaneous, the specific attachment and possession of the property by Coburn would prevail over the trustee process, Lamb v. Durant, 12 Mass. R. 54 Lanfear v. Sumner, 17 Mass. R. 113.

Josiah Adams and Keith, for the plaintiff.

April term
1836.

SHAW C. J. delivered the opinion of the Court. This case is certainly not without considerable difficulty, arising from the complicated mode of attachment on mesne process, allowed by the laws of this Commonwealth.

The first question is, whether the goods in Chenery's shop were well attached by the plaintiff, so that he acquired such lier upon them as an attachment upon mesne process creates. The provision in the statute is, that when goods, effects or credits are intrusted and deposited, &c., and a trustee process is served, such goods shall stand charged in the hands of the trustees. The statute further provides, that when execution comes out, such goods may be delivered by the trustee to the officer, and they shall be sold and disposed of and the proceeds applied to the satisfaction of the execution, in the same manner as if such goods had been specifically attached and held in the custody of the officer. The necessary consequence of these provisions, is, that where goods are thus held by a trustee, and a process is actually served, such trustee has a right and is bound to retain the custody of the goods against any one who shall attempt to attach them specifically. This is necessary to secure the priority to the attachment first made of the goods, in the hands of the trustee. Then the question in this case is, not whether these trustees had a good title under this assignment, it being very clear that they had not, but whether they had the actual custody and possession. And upon the case as reported the Court are of opinion that they had.

An actual assignment was made to Rockwood and Batchelder, and an actual delivery was made pursuant to the assignment, and this was sufficient at law to vest a title in them, as between the parties, defeasible only by the attachment of creditors. It is true, that the custody was delivered back to the assignor, for a temporary purpose, but before the attachment was made, the key was handed back to the assignees, and at the time of the attachment, they held the key of the shop, with the control and possession of it, and through that, the custody and control of the goods. The facts found by the jury establish the point, that the attachment in behalf of the plaintiff on the trustees, was made after 12 o'clock on Sunday night, and before any attachment made by Coburn. Under these circumstances, we think that the attachment on behalf of the plaintiff was good, and fixed a lien on the goods, which was not deferted by the subsequent attachment made by Coburn.

25 *

Rockwood<br>v.<br>Varnum.

Then the question is, whether the plaintiff can maintain this action, as a means of enforcing and establishing that lien.

It appears that the plaintiff proceeded to judgment and execution, and not only had judgment against the principal defendant, but had an award of execution against his goods and effects in the hands of the trustees, Rockwood and Batcheldei, and had a demand of the goods duly made of them. The trustees, instead of delivering them, which they could not do, by reason of the wrongful act of the other officer, in thus seizing them and claiming to hold them for another creditor, authorized the officer employed by the plaintiff to call on Coburn for them, which he did do, but Coburn claiming them as of right, for another creditor, refused to surrender them. Were the trustees compelled to commence a suit to regain the custody of the goods, in order only that they might deliver them over to the officer employed by the plaintiff; or might not the plaintiff, the only party directly affected by the refusal, look at once to the officer who held them ? It is very manifest, that but for the wrongful act of Coburn, the plaintiff would have had the direct benefit of his attachment, and of course that he has lost that benefit, by the act of Coburn. But Coburn was merely acting for another creditor, who claimed to have a prior right to the goods, which however he could not maintain. Coburn, if so required, was bound so to hold them for such creditor, but was entitled to indemnity for so doing. It is therefore the common case of the conflicting claims of different creditors, tried in a suit against an officer, who acts for one of the creditors. We are therefore of opinion, that the plaintiff has a remedy against the officer, thus in his official capacity detaining and claiming the right to detain goods upon which the plaintiff has a legal lien, and that upon the maxim *respondeat superior* the sheriff is liable.

The Court are also of opinion, that the attachment of the plaintiff and the ten other creditors, all of whose writs were delivered to the trustees at the same time, were simultaneous; and therefore the plaintiff is entitled to recover only an aliquot part of the proceeds of the sale of the goods.

*Verdict to be amended according to the agreement of the parties, and judgment thereon to be for the plaintiff.*